Nos. 13-0262 – *Flowers v. Max Specialty*
    13-0317 – *Drane v. Max Specialty*

**FILED**
**June 4, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, concurring:

The insurance policy had a limited assault and battery endorsement providing $25,000.00 liability coverage for assault and battery. This endorsement states that "supplementary payments" made by the insurance company will reduce the $25,000.00 limits of liability coverage.

The term "supplementary payments" is not defined in the assault and battery endorsement. However, it *is* defined in the commercial general liability coverage, which excludes coverage for assault and battery. It defines "supplementary payments" to include "all expenses we incur," e.g., attorney fees and expenses defending the lawsuit. Surprisingly, the commercial general liability coverage goes on to state that supplementary payments "will not reduce the limits of coverage."

Although the policy language is very contradictory, confusing and ambiguous, the circuit judge held that "supplementary payments" *do* reduce the $25,000.00 policy limits of the assault and battery coverage. This was an erroneous ruling under our law dealing with ambiguous policy language. *See, Luikart v. Valley Brook Concrete & Supply*, 216 W.Va. 748, 613 S.E.2d 896 (2005).

If petitioners had appealed this ruling, I believe we would have reversed the circuit judge and held that the $25,000.00 assault and battery limits were not reduced by

supplementary payments, i.e., expenses incurred by the insurance company including attorney fees and litigation expenses.

Therefore, I concur.